UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sven Sundgaard, | Civ. No. 21-999 (JRT/BRT) |
| Plaintiff, | |
| v. | |
| Multimedia Holdings Corporation, d/b/a KARE-TV, and d/b/a KARE-11; and Tegna, Inc., | **PRETRIAL SCHEDULING ORDER** |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

**STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER**

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary unless the provision below applies. Any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

**MODIFICATION OF A SCHEDULING ORDER—CIRCUMSTANCES WHERE MOTION IS REQUIRED**

If any portion of a proposed amended scheduling order seeks to resurrect an expired deadline, or is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed any issues about preserving discoverable information. The parties have also discussed the scope of discovery, including relevance and proportionality.

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

The parties must further discuss a plan and protocol for any electronic discovery and any preservation issues before **August 13, 2021**, and file a letter via CM/ECF with any disputes by **August 27, 2021**, by letter. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.[1]

---

[1] If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, serve a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third-party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for example) including laptops, smart phones, or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact

(Footnote continued on next page)

*Template date March 2020*

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **June 30, 2021**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents by **July 30, 2021**, to the extent they are in that party's possession and control.

2. The parties must commence fact discovery procedures in time to be completed on or before **March 1, 2022**.[2]

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by any party on another party.

2. No more than 50 document requests shall be served by any party on another party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 30 requests for admissions shall be served by any party on another party.

4. Plaintiff proposes that no more than fifteen (15) factual depositions, excluding expert witness depositions, shall be taken by each side. Defendant proposes that no more than three to five (3-5) factual depositions, excluding expert witness depositions, shall be taken by each side. Defendant proposes that additional depositions may be allowed in

---

(Footnote continued from previous page)
discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

[2] This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline.

3

excess of this amount only for good cause shown. The parties have discussed the geographical location for the depositions and agree on the following: The parties agree that the depositions of Plaintiff and KARE-11 employees shall be taken in Minneapolis, Minnesota, and the depositions of corporate employees of MHC or TEGNA shall be taken at or near the location where such individual(s) work or reside.

5. The parties have discussed the procedures for noticing and taking Rule 30(b)(6) depositions and agree to the following: The parties agree to meet and confer during the course of discovery about whether it is necessary to set a deadline for serving 30(b)(6) notices of deposition.

6. No more than two (2) Rule 35 medical examination(s) shall be taken. All Rule 35 medical examinations must be taken before **March 1, 2022**, if a party puts his/her medical or psychological condition at issue.

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. The parties anticipate that they will require expert witnesses at the time of trial. Plaintiff reserves the right to call no more than 2 experts in fields that are to be determined. The Defendants anticipate calling 2 experts in fields to be determined and any expert necessary for purposes of rebuttal. Counsel for the parties must meet and confer to confirm the experts and fields no later than **November 19, 2021**. This requirement is intended to avoid surprises and to allow each party to retain and work with experts efficiently. This early deadline also provides the parties time to request any amendment of the scheduling order regarding the sequencing of expert disclosures.

2. Plaintiff will identify any expert who may testify at trial on behalf of Plaintiff and the initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **March 31, 2022**.

3. The identity and any expert written rebuttal reports by Defendants to Plaintiff's expert(s) must be served on or before **April 29, 2022**.

4. The identity of any experts (non-rebuttal) who may testify on behalf of Defendants and any expert written report(s) completed in accordance with Fed. R. Civ. P. 26 (a)(2)(B) must be served on or before **April 29, 2022**.

*Template date March 2020*

5. The identity and any expert written rebuttal reports by Plaintiff to Defendants' (non-rebuttal) expert(s) must be served on or before **May 31, 2022**.

6. All expert discovery, including expert depositions, must be completed by **September 1, 2022**. The parties must meet and confer to coordinate expert depositions. This conference should immediately follow the disclosure of the experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

7. Each side may call up to two (2) experts. Each side may take one (1) deposition per expert.

**PRIVILEGE LOG**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's Complaint was filed in this action. Privilege logs must be provided by the producing party within 30 days of the production from which documents are withheld and identified based on category and in no event less than 30 days prior to the non-dispositive deadline.

**NON-DISPOSITIVE MOTION DEADLINES**

1. Motions seeking to join other parties must be filed and served by **September 30, 2021**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **October 25, 2021**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

3. Other non-dispositive motions.

    a) All non-dispositive motions relating to fact discovery must be filed and served by **April 20, 2022**.

5

      b)      All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **September 20, 2022**.

      c)      The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## **NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling the Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Chambers must be contacted to set the date for submission of the matter to the Court. When there is no oral argument, the matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and

*Template date March 2020*

remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

**DISCOVERY DISPUTES (NOT INVOLVING THIRD PARTIES)**

Before formally moving for an order relating to discovery or when requesting IDR (as provided below) the movant must request a telephone conference with the Court. This request for a telephone conference must be made well in advance of any upcoming deadlines relating to the discovery dispute. The movant must meet and confer with the opposing side to make the request and coordinate the submission of a SHORT JOINT EMAIL to chambers at thorson_chambers@mnd.uscourts.gov setting forth:

 a) a short description of the discovery dispute;

 b) the parties' positions on informal dispute resolution;

 c) the deadline for fact discovery and how the discovery dispute affects the deadline; and

 d) possible dates and times for a telephone conference.

No attachments are permitted. The Court will either then schedule a conference call or will set a schedule for informal dispute resolution letters and a subsequent informal IDR telephone hearing, if necessary. The telephone conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.

7

**INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, the Court will set up the schedule and process for informal letters to be submitted. The Court will likely set up an informal IDR telephone hearing date. If the parties wish to proceed with IDR in a manner other than that previewed above, the short joint email must include a specific proposal for the Court to consider.

**DISCOVERY DISPUTES – FORMAL MOTION PRACTICE**

As discussed above, except in disputes involving third parties or pursuant to other Court orders, the moving party must first request a telephone conference with the Court. Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| Insert the actual written discovery request |
|---|
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |

*Template date March 2020*

|   |
|---|
| Legal argument |
| Specific relief sought (the Court strongly encourages the moving party to submit a detailed proposed order.  Generic proposed orders are not helpful.) |

The history and current status of the dispute should be clear to the Court without having to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed

9

*Template date March 2020*

by the moving party on or before **November 1, 2022**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before twenty-one days after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed fourteen days after the service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall e-mail Chief Judge John R. Tunheim's chambers at **tunheim_chambers@mnd.uscourts.gov** to request a hearing date. Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PROTECTIVE ORDER**

The parties may seek the entry of a protective order. If a protective order is sought, the parties must use the form available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery and Trial Forms" section as a starting point for their proposed

order. *See* Local Rule 26.1(b)(2). In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must appropriately designate the documents under the protective order. The parties' stipulation and proposed protective order must be submitted to the Court before **August 6, 2021**.

## FILING DOCUMENTS UNDER SEAL

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

## PRIVILEGE/PROTECTION

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

## SETTLEMENT CONFERENCE

A settlement conference will take place on **October 19, 2021**. A separate Order for Settlement Conference will be issued.

**TRIAL**

This case will be ready for a **jury** trial on or about **March 1, 2023**. The anticipated length of trial is **4-7** days.

Date:   July 30, 2021

                                          *s/ Becky R. Thorson*
                                          BECKY R. THORSON
                                          United States Magistrate Judge