**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Sven Sundgaard,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Multimedia Holdings Corporation, d/b/a KARE-TV, and d/b/a KARE-11; and Tegna, Inc.,<br><br>　　　　Defendants. | Civ. No. 21-999 (JRT/JFD)<br><br>**STIPULATION AND JOINT MOTION TO EXTEND FACT DISCOVERY AND NON-DISPOSITIVE MOTIONS DEADLINE IN PRETRIAL SCHEDULING ORDER** |

Pursuant to this Court's Pretrial Scheduling Order (Docket No. 17), Local Rule 16.3 and for good cause shown, Plaintiff Sven Sundgaard ("Plaintiff") and Defendants Multimedia Holdings Corporation, d/b/a KARE-TV and d/b/a KARE-11; TEGNA, Inc., ("Defendants") (collectively, "the Parties"), through their undersigned counsel, stipulate and jointly move for an Order extending the fact-discovery deadline contained in the Pretrial Scheduling Order from March 1, 2022 to May 27, 2022 and the non-dispositive motions relating to fact discovery from April 20, 2022 to June 24, 2022.

The Parties respectfully submit that good cause exists for the extension sought as the parties have and continue to make diligent efforts to meet the order's deadlines. Pursuant to Local Rule 16.3(b) and 16.3(c), the Parties provide the following information in support of this Joint Motion:

1. **What Discovery Remains to Be Completed:**

At this time, the Parties expect the following fact discovery to be completed: (a) further document production, including ESI, (b) depositions and (c) resolving issues related to responses to written discovery requests.

2. **What Discovery Has Been Completed.**

To date, the Parties have exchanged Initial Disclosures and responses to written discovery requests, including responses to Interrogatories and Requests for Production of Documents. Two sets of discovery have been served by Plaintiff and answered. Plaintiff has produced more than 500 pages of documents, and Defendants have produced nearly 2,000 pages of documents.

3. **Why All Discovery Has Not Been Completed.**

At the outset of this case, the Parties discussed that engaging in mediation after conducting initial discovery could be productive. The Parties exchanged their first sets of written discovery during July 2021 and each responded in whole or in part by mid-August and September 2021. The parties met and discussed ESI protocols and then anticipated a rolling production from Defendant to Plaintiff. A settlement conference with the court on November 2, 2021 did not end with resolution. When the parties were not able to resolve the matter at the settlement conference, the parties engaged in further written discovery and document production. Although conducting and producing discovery has taken longer than initially anticipated the Parties are continuing to discuss and resolve disputes as they arise. Defendants have collected nearly 1 million electronic records and have made productions from that collection. Review continues and additional

information may also be produced. On February 4, 2022, the parties held a telephonic meet and confer discussion to further understand and address any open issues that remain.

**4.      How Long It Will Take To Complete Discovery.**

The Parties expect with the remaining discovery to be produced and the scheduling of depositions which may involve travel, they will be able to complete fact discovery by May 27, 2022 and non-dispositive motions by June 24, 2022.

Therefore, for good cause shown, the Parties respectfully request that the Court enter an order to **amend the discovery deadline from March 1, 2022 to May 27, 2022 and non-dispositive motions relating to fact discovery from April 20, 2022 to June 24, 2022**, and amend the current Pretrial Scheduling Order to reflect this proposed new deadline and that it do so without holding a hearing.  The Parties do not propose modifying any other deadlines contained in the Pretrial Scheduling Order, including but not limited to the deadline for dispositive motions or trial.

To the extent the Court would like to hold a hearing or telephone conference on this request, the Parties will be available upon the Court's request.

Dated this 4th day of February, 2022

Stipulated to and respectfully submitted:

By:  *s/ Frances E. Baillon*
    Frances E. Baillon (MN Bar #028435X)
    fbaillon@baillonthome.com
    Joni M. Thome (MN Bar #232087)
    jmthome@baillonthome.com
    BAILLON THOME JOZWIAK &
    WANTA LLP
    100 South Fifth Street, Suite 1200
    Minneapolis, MN  55402
    Phone:  (612) 252-3570
    Fax: (612) 252-3571

*Attorneys for Plaintiff*

By:  */s/ Christina Jaremus*
Christina Jaremus
Camille Olson
Richard Lapp
colson@seyfarth.com
rlapp@seyfarth.com
cjaremus@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:      (312) 460-7000

*Attorneys for Defendant Multimedia Holdings Corporation, a licensee of KARE-TV and d/b/a KARE 11 and TEGNA Inc.*